# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VOYAGER PACIFIC CAPITAL MANAGEMENT, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 1:26-cv-02985-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE A MOTION FOR DEFAULT JUDGMENT **WITHIN SIXTY DAYS**<br><br>ORDER REQUIRING PLAINTIFF TO FILE A STATUS REPORT OR REQUEST FOR ENTRY OF DEFAULT AS TO DEFENDANT VANESSA LUNG-MEDLOCK **WITHIN SEVEN DAYS** |

Plaintiff commenced this action on April 20, 2026.  (ECF No. 1.)  That same day, Plaintiff moved for partial judgments as to Defendants David Hardcastle and John Giarmarco. (ECF No. 3.)  The Court granted the partial judgments on May 29, 2026.  (ECF Nos. 21-22.)  On June 24, 2026, Plaintiff moved for an entry of default against Defendants Voyager Pacific Capital Management LLC, Adagio SPE LLC, Andante SPE LLC, Brighton Cove LLC, Cayucos Dream LLC, GSD Equities LLC, HGM Holdings LLC, Kastlemark LLC, Martin-Taylor Company LLC, and Premier Property Management Group LLC, which the Clerk of the Court entered.  (ECF Nos. 23-26.)

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process.  Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb. 11, 2008).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal

Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (cleaned up).

As Defendants in this matter are in default, the Court shall set a deadline for a motion for default judgment to be filed. Given the nature of the case and the number of Defendants involved, the Court will order Plaintiff to move for default within sixty days of this order. Additionally, the Court observes that Defendant Vanessa Lung-Medlock was not listed in either the partial default judgment or the entry for default judgment. The Court will further order Plaintiff to file a status report or request for entry of default as to Defendant Vanessa Lung-Medlock within seven days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **seven (7) days** from the date of service of this order, Plaintiff shall file a status report **or** request for entry of default as to Defendant Vanessa Lung-Medlock;

2. Within **sixty (60) days** from the date of service of this order, Plaintiff shall file a motion for default judgment against Defendants Voyager Pacific Capital Management LLC, Adagio SPE LLC, Andante SPE LLC, Brighton Cove LLC, Cayucos Dream LLC, GSD Equities LLC, HGM Holdings LLC, Kastlemark LLC, Martin-Taylor Company LLC, and Premier Property Management Group LLC. Any request for an extension shall be supported by good cause. L.R. 160(b); and

///

///

///

///

///

3.    Plaintiff is advised that the failure to comply with this order shall result in a recommendation that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:    **June 26, 2026**

STANLEY A. BOONE
United States Magistrate Judge